RENDERED: JANUARY 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0062-MR

ZAYER ANTONIO ADAMS          APPELLANT

           APPEAL FROM CHRISTIAN CIRCUIT COURT
v.         HONORABLE ANDREW C. SELF, JUDGE
           ACTION NO. 16-CR-00379

COMMONWEALTH OF KENTUCKY          APPELLEE

AND

NO. 2021-CA-0064-MR

ZAYER ANTONIO ADAMS          APPELLANT

           APPEAL FROM CHRISTIAN CIRCUIT COURT
v.         HONORABLE ANDREW C. SELF, JUDGE
           ACTION NO. 16-CR-00235

COMMONWEALTH OF KENTUCKY          APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: ACREE, JONES, AND K. THOMPSON, JUDGES.

JONES, JUDGE: Zayer Adams appeals from the Christian Circuit Court's order

denying his motion to vacate his sentence pursuant to RCr[1] 11.42. After a

thorough review of the record, we affirm.

## I. BACKGROUND

A thorough recitation of the facts of this case may be found in the

Kentucky Supreme Court's unpublished opinion on Adams's direct appeal. *Adams*

*v. Commonwealth*, No. 2016-SC-000627-MR, 2017 WL 6379489 (Ky. Dec. 14,

2017). Briefly stated, Adams was charged for severely beating his ex-wife,

Stephanie Shakoor, while holding her captive in her apartment on the morning of

February 4, 2016, and attempting to flee from the police after they arrived at the

apartment in response to a neighbor's call. *Id*. at *1. Shakoor suffered numerous

injuries, including swelling, bruising, corneal abrasion, and fractures to the

maxillary bones and the bones adjacent to the sinus cavity; these latter injuries

resulted from Adams repeatedly kicking Shakoor in the face. Adams was

thereafter convicted at jury trial for second-degree assault, first-degree fleeing or

evading police, first-degree unlawful imprisonment, and being a first-degree

---

[1] Kentucky Rules of Criminal Procedure.

persistent felony offender.  *Id*.  The jury recommended a sentence of fifteen years for the assault conviction, to be served consecutively with a seven-year sentence for unlawful imprisonment; however, the trial court imposed a concurrent sentence of twenty years in order to comply with KRS[2] 532.110(1)(c).  *Id*.  The Kentucky Supreme Court affirmed Adams's judgment and sentence on direct appeal.  *Id*. at *5.

Adams subsequently filed a *pro se* motion to vacate his conviction under RCr 11.42, arguing he suffered ineffective assistance of counsel during his trial.  Adams specifically contended, *inter alia*, that trial counsel failed to investigate his mental health issues in order to present mitigating evidence to the jury during the penalty phase.  (Record (R.) at 77.)  The trial court appointed post-conviction counsel to assist Adams and held an evidentiary hearing on July 7, 2020.

During the evidentiary hearing, Adams's trial counsel testified about his prior knowledge of Adams's mental health and about counsel's preparation for trial.  He testified he was aware Adams had some mental health issues, and he had investigated the matter by reviewing a recent district court case in which the district court had found Adams competent following a psychological evaluation.  Trial counsel stated he wanted Adams to get an evaluation from the Kentucky

---

[2] Kentucky Revised Statutes.

Correctional Psychiatric Center (KCPC), but Adams did not wish to pursue the competency issue further. Additionally, trial counsel testified about how difficult it was for him to investigate and prepare for the penalty phase of the trial because Adams did not wish to discuss mitigation in general or to reveal information about his childhood. Even so, trial counsel testified that he tried to contact Adams's mother in preparation for trial. The last known address trial counsel was able to find for Adams's mother was a homeless shelter, but he was unable to locate her there.

Next, Adams's trial counsel testified about his preparation for trial and the speed at which Adams's case progressed. Trial counsel admitted that the case moved very fast and that he would have preferred to have more time to prepare for trial. He explained that Adams was insistent on moving things along quickly and that Adams opposed trial counsel's plans to ask the court for a continuance.

Adams also testified at the RCr 11.42 evidentiary hearing. He asserted his mother had "a mental defect" and that he suffered from a similar condition. He described his upbringing, his mental health medications, how he was not able to read or write, and how his mother was not at his trial. Adams also admitted he asked for a fast and speedy trial because he needed medical treatment for an injury to his hand, though his testimony was unclear regarding how these

two items were connected.  In addition to his testimony, Adams submitted a collective exhibit to the court containing documents dating from the early 1980s from Pennyroyal Center, in which Adams was diagnosed as low-functioning and suffering from attention deficit disorder.[3]  The trial court ultimately denied Adams's RCr 11.42 motion.  This appeal followed.

## II. ANALYSIS

A successful petition for relief under RCr 11.42 based on ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985).  The "performance" prong of *Strickland* requires as follows:

> Appellant must show that counsel's performance was deficient.  This is done by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, or that counsel's representation fell below an objective standard of reasonableness.

*Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (internal quotation marks and citations omitted).  The "prejudice" prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial

---

[3] The Pennyroyal Center provides mental health and related services to individuals in western Kentucky.

whose result is reliable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064).

Both *Strickland* prongs must be met before relief pursuant to RCr 11.42 may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. This is a very difficult standard to meet. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). We review counsel's performance under *Strickland de novo*. *McGorman*, 489 S.W.3d at 736.

For his sole issue on appeal, Adams contends his trial counsel was ineffective in his failure to investigate and prepare for the penalty phase of Adams's trial, particularly in his failure to present evidence to mitigate Adams's punishment. Adams argues a competent attorney would have gathered documents similar to the ones in the collective exhibit and presented them to the jury, and the failure of trial counsel to do so was deficient performance. Furthermore, Adams contends he suffered prejudice as a result of counsel's performance, pointing to the fact that his jury recommended a consecutive sentence which exceeded the limits imposed by statute.

In its order denying the RCr 11.42 motion, the trial court determined that, "[o]ther than possibly introducing records from the Pennyroyal Center from the 1980's – which may or may not have been admissible – it is unclear what else Adams believes his trial counsel should have done." (R. at 148.) The trial court also found that trial counsel's "investigation and preparation were sufficient and reasonable" in light of Adams's unwillingness to assist with preparations for the penalty phase. *Id*. We agree.

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. However,

> [t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information.

*Id*. at 691, 104 S. Ct. at 2066. Adams's trial counsel testified how Adams did not wish to engage with him on questions regarding his childhood or on mitigation generally. Trial counsel attempted to locate Adams's mother as a mitigation witness, but she could not be found at her last known address. Finally, Adams opposed any kind of continuance, further hindering what actions counsel could undertake on his behalf. Trial counsel nonetheless attempted to provide mitigation

information to the jury through Adams's testimony in the penalty phase. The record supports the trial court's determination that Adams's trial counsel provided reasonable investigation and preparation under the circumstances.

"[C]ounsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *Brown v. Commonwealth*, 253 S.W.3d 490, 499 (Ky. 2008) (citations omitted). We cannot say trial counsel provided deficient performance under the first prong of *Strickland*.

### III. CONCLUSION

For the foregoing reasons, we affirm the Christian Circuit Court's order denying relief under RCr 11.42.

ALL CONCUR.

BRIEF FOR APPELLANT:

David L. Stewart
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky